**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRETT HARRISON POWELL,** | * | |
| | * | |
| **Petitioner,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO. 26-00347-KD-B** |
| | * | |
| **MAJOR STEPHEN ARTHUR, *et al.*,** | * | |
| | * | |
| **Respondents.** | * | |

**REPORT AND RECOMMENDATION**

Petitioner Brett Harrison Powell ("Powell"), a state pretrial detainee confined at the Baldwin County Sheriff's Corrections Center in Bay Minette, Alabama, commenced this action by filing a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] (Doc. 1). The petition was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R). For the reasons set forth below, the undersigned recommends that Powell's § 2241 habeas petition and this habeas action be **DISMISSED without prejudice**.

[1] Powell initially filed the § 2241 habeas petition in his existing 42 U.S.C. § 1983 civil rights action, but Magistrate Judge Murray directed the Clerk to docket Powell's habeas petition as a separate action, which was referred to the undersigned. (See Docs. 1, 1-1). Powell has neither paid the filing fee nor filed a motion to proceed without prepayment of fees in this § 2241 habeas action.

## I. BACKGROUND

Powell is a state pretrial detainee currently awaiting trial on multiple criminal charges in Baldwin County, Alabama.[2] In his § 2241 habeas petition, Powell asserts the following grounds for relief:

**Ground One:** Denial of First Amendment – Right to Access the Courts; Right to Communicate, to Include: Adequate Access to Those Hired Privately or on Behalf of the State to Represent Plaintiff.

Supporting Facts: Denial of motions filed *pro se* – due only to being filed *pro se*; hindering legal correspondence with counsel of record as well as other lawyers & firms.

**Ground Two:** Denial of Fourteenth Amendment – Due Process Clause.

Supporting Facts: Inability to properly raise pre-trial motions; direct impact, including irreparable injury as well as loss and or damages.

**Ground Three:** Freedom of an Arrested Person to Communicate & Liberty to Communicate as He/She Chooses.

Supporting Facts: Current mail policy in place restricts correspondence via letters to legal correspondence, wherefore isolating individuals from their inalienable right to communicate with whom they may choose; doing so affecting their inability to gain professional assistance, as well as

[2] Powell is challenging his pretrial detention in the following cases: Case No. CC-2025-900100.00, Case No. DC-2026-900821.00, and Case No. DC-2026-900844.00. (Doc. 1 at 2).

their ability to secure a means to enable them to secure liberty.

**Ground Four:** Hindering/Tampering With Legal Correspondence, "Legal Mail"; Clearly Addressed to a Law Firm.

Supporting Facts: Upon information and belief; a good faith reason for believing true; returned mail from attorney of record was mail that would have informed said attorney of a hearing scheduled for 07-08-26; as ordered on 06-25-26 by Hon. Michael J. Hoyt; a hearing for multiple motions filed; . . . due to agency holding pre-trial detainee blocking inmates mail; attorney was not present.

(Id. at 6-7).

Powell requests the following relief: "Order the detaining agency to immediately release Petitioner onto GPS monitoring, honorary house arrest, or P.R. bond, pending adjudication of pending criminal charges." (Id. at 7 (cleaned up)).

## II. DISCUSSION

"Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).[3] To

[3] "Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." Stacey v. Warden, Apalachee Corr. Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam). In contrast, 28 U.S.C. § 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" Id. (citations omitted).

obtain relief under § 2241, a petitioner must show he is "in custody in violation of the Constitution or laws or treaties of the United States." Id. at § 2241(c)(3). Under Rule 4 of the Rules Governing Section 2254 Cases, which applies to § 2241 habeas petitions,[4] a district court may conduct an initial review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases in the United States District Courts, R. 4. If so, the court "must dismiss the petition and direct the clerk to notify the petitioner." Id. In this case, the Court should dismiss Powell's § 2241 habeas petition without prejudice for the reasons set forth below.

The first problem presented by the instant petition is that most, if not all, of the claims raised are not properly asserted in a habeas petition brought under 28 U.S.C. § 2241. As noted above, "[a] necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." Rose v. Hodges, 423 U.S. 19, 21 (1975); see

[4] See Rules Governing § 2254 Cases in the United States District Courts, R. 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not [filed under 28 U.S.C. § 2254]."); Clerveaux v. Wilkinson, 2021 U.S. Dist. LEXIS 261000, at *3 n.3, 2021 WL 9406650, at *1 n.3 (M.D. Fla. July 20, 2021) ("Rule 4 of the Rules Governing Section 2254 Cases applies to petitions under both sections 2254 and 2241, as provided in Rule 1(b).").

28 U.S.C. § 2241(c)(3). Habeas corpus law "exists to provide a prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." McNabb v. Comm'r Ala. Dep't of Corr., 727 F.3d 1334, 1344 (11th Cir. 2013) (citation and internal quotation marks omitted). Thus, habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Claims challenging the circumstances or conditions of confinement fall outside of habeas corpus law and must be pursued in a § 1983 civil rights action. Vaz v. Skinner, 634 F. App'x 778, 780 (11th Cir. 2015) (per curiam); Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," while "requests for relief turning on circumstances of confinement may be presented in a § 1983 action."). The federal habeas corpus statutes and 42 U.S.C. § 1983 "are mutually exclusive: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006).

As best the Court can discern, the instant habeas petition raises claims for denial of Powell's right to access the courts and due process rights based on jail staff's alleged hindering or tampering with his legal correspondence. (See Doc. 1 at 6-7).

Powell also appears to contend that the jail's postcard-only mail policy infringes his First Amendment right to communicate with the outside world. (See id. at 6). These claims do not lie at the "core of habeas corpus" in that they are challenges to the circumstances or conditions of Powell's confinement, not the fact or length of his detention. See Preiser v. Rodriguez, 411 U.S. 475, 487 (1973). Even if Powell were to succeed on these conditions-of-confinement claims, the proper remedy for the alleged deprivations would not be his release from pretrial detention.[5] Indeed, Powell has raised the same claims he raises in the instant § 2241 habeas petition in his preexisting § 1983 civil rights action, in which he seeks damages based on these alleged deprivations and an injunction ordering the defendants to "to stop unlawfully hindering all out-bound mail to include legal correspondence as well as non-legal correspondence." See Powell v. Lowrey, Case No. 1:26-cv-00256-JB-MU (S.D. Ala. 2026), ECF No. 10. Therefore, these claims are not cognizable in a § 2241 habeas petition. See Jacobson v. Horton, 2025 U.S. Dist. LEXIS 44392, at *6-7, 2025 WL 782299, at *3 (N.D. Ala. Feb. 18, 2025) (dismissing

[5] Regardless of the relief requested by Powell, "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested." Pinson v. Carvajal, 69 F.4th 1059, 1072 (9th Cir. 2023) (emphasis in original). "[A] successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas." Id. at 1072-73.

petitioner's claims challenging the circumstances of his confinement, including claim that Alabama county jail officials interfered with his access to the courts, because such claims are not cognizable in a § 2241 petition), report and recommendation adopted, 2025 U.S. Dist. LEXIS 43840, 2025 WL 778073 (N.D. Ala. Mar. 11, 2025); Cato v. Akies, 2022 U.S. Dist. LEXIS 254577, at *1-2, 2022 WL 22894574, at *1 (N.D. Ga. Dec. 19, 2022) (concluding that claims related to conditions of confinement at DeKalb Conty Jail, including claims that petitioner was being deprived of his right to access the courts and the law library and that his legal mail had been opened outside of his presence, were "not appropriate in a habeas corpus petition" and should instead be raised in petitioner's pending § 1983 civil rights action), report and recommendation adopted, 2023 U.S. Dist. LEXIS 244492, 2023 WL 11983796 (N.D. Ga. Sept. 28, 2023); Thomas v. Keohane, 876 F.2d 895 (6th Cir. 1989) ("[A]lthough Thomas claims that prison officials are interfering with his mail, this is a . . . civil rights claim which is not cognizable under habeas corpus."); Thompson v. Warden, Pickaway Corr. Inst., 2023 U.S. Dist. LEXIS 3999, at *3, 2023 WL 1825883, at *1 (S.D. Ohio Jan. 9, 2023) ("[W]ith respect to the ODRC mail policies, petitioner's access-to-the-courts claim is not cognizable in this federal habeas corpus proceeding."); Snype v. Howard, 2020 U.S. Dist. LEXIS 233024, at *2-3, 2020 WL 7319781, at *1 (M.D. Pa. Dec. 11, 2020) (explaining

that inmate's challenge to facility's mail policy does "not legally affect the length of his sentence" and is "not properly asserted in a habeas petition brought under 28 U.S.C. § 2241"); Ward v. Clark, 2012 U.S. Dist. LEXIS 188961, at *19-20, 2012 WL 7855777, at *6 (S.D.W. Va. Dec. 18, 2012) ("Ward suggests that his mail has been regularly intercepted at the Western Regional Jail. If Ward is attempting to raise a prison conditions claim regarding the alleged mail tampering, he cannot prevail as claims regarding prison conditions are not cognizable under § 2241. . . . Moreover, the undersigned observes that Ward has properly raised an identical claim in his ongoing § 1983 suit, which he remains free to pursue."), report and recommendation adopted, 2013 U.S. Dist. LEXIS 50678, 2013 WL 1437615 (S.D.W. Va. Apr. 9, 2013).

The only other claim potentially raised by Powell is a challenge to the trial court's denial of unspecified "motions" based on the fact that they were *pro se* motions filed by a represented defendant.[6] (See Doc. 1 at 6). Even setting aside

[6] Powell provides no details concerning this putative claim and does not even identify the motion(s) he is referencing. However, based on a review of the instant habeas petition and the state court records, Powell appears to be complaining about the trial court's refusal to consider his *pro se* motion for judgment of acquittal in Baldwin County Circuit Court Case No. CC-2025-900100.00 ("CC-2025-900100"). Powell filed the *pro se* motion for judgment of acquittal on July 1, 2026. CC-2025-900100, Doc. 54. At the time the motion was filed, Powell was represented by attorney Thomas Pilcher in the case; indeed, Powell has been represented by attorney Pilcher since April 30, 2026, and he continues to be represented by attorney Pilcher. See id., Doc.

this claim's evident lack of merit[7] and the fact that it is insufficiently pleaded,[8] there is no indication that Powell's

---

32. On July 1, 2026, Baldwin County Circuit Judge Ashley W. Siebert entered an order that stated: "As to defendant's MOTION FOR JUDGMENT OF AQUITTAL, defendant must contact attorney of record to file motion on his behalf." Id., Doc. 56. On July 15, 2026, Powell filed with the Baldwin County Circuit Clerk a purported *pro se* notice of appeal to the "Alabama Court of Appeals" challenging Judge Siebert's order on his *pro se* motion for judgment of acquittal. Id., Doc. 60.

[7] "While a defendant has a Sixth Amendment right to be represented by counsel *or* to represent himself, . . . he does not have the right, under either the federal or state constitutions, to hybrid representation." Holland v. State, 615 So. 2d 1313, 1320 (Ala. Crim. App. 1993) (emphasis in original) (citation and internal quotation marks omitted); see Cross v. United States, 893 F.2d 1287, 1291-92 (11th Cir. 1990) ("This court has held repeatedly that an individual does not have a right to hybrid representation."); Whitman v. Clerk of Ct., 786 F. App'x 228, 229-31 (11th Cir. 2019) (per curiam) (finding local rule that barred the court clerk from accepting *pro se* filings from a represented party, with the exception of motions addressing the removal of counsel, consistent with the federal statutory requirement that "parties may plead and conduct their own cases personally *or* by counsel"). Rule 31(a) of the Alabama Rules of Appellate Procedure prohibits a party represented by counsel from filing a *pro se* brief. See Ala. R. App. P. 31(a). And although there is no specific rule addressing the matter in the Alabama trial courts, the Alabama Court of Criminal Appeals has consistently found that a defendant represented by counsel has "no right to have [his] pro se motions considered by the [trial] court." See, e.g., Downey v. State, 370 So. 3d 626, 634 (Ala. Crim. App. 2022).

[8] Habeas corpus petitions "must meet heightened pleading requirements." Borden v. Allen, 646 F.3d 785, 810 (11th Cir. 2011). The habeas rules "mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)." Id. This means that a habeas petitioner like Powell must "specify all the grounds for relief" he is raising and "state the facts supporting each ground." Id. A habeas claim that relies on a bare allegation devoid of any factual support or context (such as "denial of motions filed *pro se* - due only to being filed *pro se*") is subject to summary dismissal. Id.

challenge to the denial of his pretrial motion(s) could not be adequately addressed during the regular trial and appeal process or that Powell has exhausted his available state court remedies.

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citing Peyton v. Rowe, 391 U.S. 54, 60 (1968)). Indeed, a state pretrial detainee seeking habeas relief *before* a judgment of conviction has been rendered may proceed pursuant to 28 U.S.C. § 2241 only in very limited circumstances, and only if applicable state pretrial remedies have been exhausted. See Mobley v. Jackson, 2009 WL 3417865, at *2 (N.D. Ga. Oct. 19, 2009) ("In limited circumstances, . . . federal habeas corpus relief may be available before a state trial to enforce rights that cannot adequately be addressed during the regular trial, appeal, and post-conviction review process."); Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488-91 (1973) (holding that petitioner could bring pretrial habeas challenge for the violation of his right to a speedy trial where he only sought to enforce the state's obligation to bring him promptly to trial and did not seek to abort or forestall his state prosecution); Stack v. Boyle, 342 U.S. 1, 5-6 (1951) (holding that pretrial habeas relief is available for excessive bail claim only after exhaustion of adequate and available remedies); Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (holding that pretrial habeas relief is available for double

jeopardy challenge after exhaustion of state remedies).[9] "Otherwise, absent extraordinary circumstances, challenges to a state criminal prosecution must be exhausted through the regular pretrial, trial, appeal, and post-conviction process." Phillips v. Maddox, 2021 U.S. Dist. LEXIS 271274, at *3, 2021 WL 12224538, at *1 (N.D. Ga. Dec. 15, 2021), report and recommendation adopted, 2022 U.S. Dist. LEXIS 249830, 2022 WL 22432867 (N.D. Ga. Mar. 15, 2022).

To the extent Powell challenges the trial court's denial of pretrial motion(s) that he filed *pro se*, he offers no details that would suggest that this claim cannot be adequately addressed through the regular trial, appeal, and post-conviction review process. Federal habeas corpus law may not be used as a "pretrial motion forum for state prisoners." Braden, 410 U.S. at 493. Nor is federal habeas corpus review meant to derail pending state court criminal proceedings. See Tooten v. Shevin, 493 F.2d 173, 176 (5th Cir. 1974) ("Braden came to the federal court in order to enforce Kentucky's obligation to provide him with a forum. The Braden court carefully emphasized that nothing it said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.").

---

[9] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Thus, "an attempt to dismiss an indictment or otherwise prevent a prosecution . . . [is an objective that] is normally not attainable through federal habeas corpus . . . ." Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976). To the extent Powell seeks a judgment of acquittal or dismissal of the charge(s) against him, his claim is properly raised in his state court criminal case and any subsequent direct appeal rather than in the instant habeas petition. See Garcon v. Palm Beach Cnty. Sheriff's Off., 291 F. App'x 225, 226 (11th Cir. 2008) (per curiam) (concluding that district court properly dismissed as premature § 2241 petition claiming that petitioner's indictment was invalid, counsel was ineffective, and the arrest warrant was not supported by probable cause, because such claims "are properly brought during his criminal case and subsequent direct appeal").

Further, the Younger abstention doctrine precludes this Court from interfering with Powell's ongoing state criminal proceedings. See Younger v. Harris, 401 U.S. 37 (1971). "When a petitioner seeks federal habeas relief prior to a pending state criminal trial the petitioner must satisfy the 'Younger abstention hurdles' before the federal courts can grant such relief." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 (11th Cir. 2004) (citation omitted). "Younger established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or

sentence is not yet final." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). "There are three narrow exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." Id. "Application of the Younger abstention doctrine is, therefore, appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding and the individual seeking relief has not established that he lacks an adequate opportunity to present those claims in the state proceedings." Lewis v. Broward Cnty. Sheriff Off., 2021 U.S. App. LEXIS 33249, at *3, 2021 WL 5217718, at *1 (11th Cir. Nov. 9, 2021) (per curiam).

There is no question that a criminal prosecution of Powell is pending in Baldwin County, Alabama. Powell does not allege, and his petition does not reflect, that one of the Younger exceptions is present. Moreover, even if Powell's petition could be construed to assert that one or more of the exceptions is present, his factual allegations are not sufficiently "substantial" to merit relief.[10] See Hudson v. Hubbard, 358 F. App'x 116, 118 (11th Cir.

---

[10] In particular, Powell does not make a "substantial allegation" showing his state prosecution is motivated by bad faith. See Younger, 401 U.S. at 48 (noting bad faith prosecutions are brought with no intention of securing conviction or with intention to harass); Leonard v. Alabama State Bd. of Pharmacy, 591 F. Supp. 3d 1155, 1173 (M.D. Ala. 2022) ("Plaintiffs bear a heavy burden to

2009) (per curiam) (quoting Younger, 401 U.S. at 48). Powell apparently believes he has potential defenses to the charges pending against him, but he can raise those defenses in the state courts of Alabama. See Johnson, 32 F.4th at 1102; see also Waterman v. Merkle, 2025 U.S. Dist. LEXIS 30392, at *4, 2025 WL 2113329, at *1 (S.D. Fla. Feb. 20, 2025) ("Plaintiff may contest the sufficiency of the evidence against him in state court rather than this Court."), report and recommendation adopted, 2025 U.S. Dist. LEXIS 144898, 2025 WL 2111497 (S.D. Fla. July 29, 2025). Powell has failed to present any facts that would warrant this Court interfering in the normal functioning of Alabama's criminal processes.

Even assuming *arguendo* that Powell asserted a federal claim that could potentially warrant pretrial federal habeas review, his petition does not demonstrate that he exhausted any such claim in

---

overcome the bar of Younger abstention and must set forth more than mere allegations of bad faith or harassment.") (citation and internal quotation marks omitted), aff'd, 61 F.4th 902 (11th Cir. 2023). Nor has Powell alleged sufficient facts to show irreparable injury would occur. See Younger, 401 U.S. at 53-54 (explaining irreparable injury exists if statute under which petitioner is being prosecuted is "flagrantly and patently" unconstitutional, or if unusual circumstances exist warranting equitable relief); Kugler v. Helfant, 421 U.S. 117, 124 (1975) ("[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term.'") (quoting Younger, 401 U.S. at 46). Powell also cannot show that he has no adequate forum in state court for any of his claims, and he presents no information or argument that would warrant federal court interference in the normal functioning of Alabama's criminal processes.

the state courts before filing the instant federal habeas petition. A federal district court "may not grant a § 2241 petition unless the petitioner has exhausted all available state remedies." Johnson, 32 F.4th at 1095-96 (citation and internal quotation marks omitted). "The exhaustion doctrine was crafted on federalism grounds to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process." Id. at 1096.

Exhaustion has two essential requirements. Id. "First, to be exhausted, a federal claim must be fairly presented to the state courts." Id. (citation and internal quotation marks omitted). Second, a petitioner "must take his claim to the state's highest court, either on direct appeal or on collateral review." Id. (citation and internal quotation marks omitted). To exhaust a claim fully, a petitioner must first present any federal claim through "one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Alabama's appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing in the Court of Criminal Appeals, and a petition for discretionary review in the Alabama Supreme Court. Price v. Warden, Att'y Gen. of Ala., 701 F. App'x 748, 749-50 (11th Cir. 2017) (per curiam). "Moreover, Alabama law allows pretrial detainees to challenge

their confinement through the state criminal proceedings or collaterally in a state habeas corpus action." Lee v. Alabama, 2022 U.S. Dist. LEXIS 236755, at *5, 2022 WL 22822887, at *3 (N.D. Ala. Dec. 28, 2022), report and recommendation adopted, 2023 U.S. Dist. LEXIS 13451, 2023 WL 11796436 (N.D. Ala. Jan. 26, 2023).

Here, it is apparent from the face of the petition that Powell did not exhaust all available state remedies with respect to any claim by going through one complete round of Alabama's established appellate review process before filing the instant petition in this Court. At most, the instant petition and state court records indicate that Powell attempted to submit a notice of appeal to the Alabama Court of Criminal Appeals challenging the circuit court's refusal to consider his *pro se* motion for acquittal because he filed it while represented by counsel, but there is no allegation or other indication that he presented any of his claims to the Alabama Supreme Court before commencing this federal habeas action. Consequently, to the extent Powell's claims are cognizable habeas claims at all, they are due to be dismissed without prejudice for failure to exhaust all available state remedies.[11]

---

[11] The Court notes that Powell does not appear to raise an excessive bail/bond claim in the instant habeas petition, but he nevertheless seeks relief via some form of pretrial release. (See Doc. 1 at 6-7). Alabama law provides the means for Powell to raise in state court any claims he may have regarding the amount of his bail/bond. If he is unsuccessful in obtaining a bond reduction from the trial court, he may file a state habeas action challenging trial court's bond determination and pursue the appellate process. See Ex parte

## IV. CERTIFICATE OF APPEALABILITY

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). State pretrial detainees, like Powell, "must obtain a COA to appeal the denial of a federal habeas petition filed pursuant to 28 U.S.C. § 2241." Daker v. Warren, 2012 U.S. Dist. LEXIS 87517, at *22-23, 2012 WL 2403437, at *8 (N.D. Ga. June 25, 2012) (citations omitted); see Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a habeas petition is denied on the merits of the underlying constitutional claims, a certificate of appealability may issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the

Colbert, 805 So. 2d 687, 688 (Ala. 2001) (explaining that the proper method for challenging a trial court's bail/bond determination (or a petition for a writ of habeas corpus addressing the issue) is to petition the Alabama Court of Criminal Appeals for habeas review and then, if necessary, petition the Alabama Supreme Court for habeas review).

constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a habeas petition is dismissed on procedural grounds without reaching the merits of any underlying constitutional claim, a certificate of appealability should issue only "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; accord Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (citations and internal quotation marks omitted).

The undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition without prejudice, or that Powell should be allowed to proceed further. As a result, the undersigned submits that Powell is not entitled to a certificate of appealability, and that he should not be permitted to proceed *in forma pauperis* on appeal.

Because a state § 2241 petitioner, like a § 2254 petitioner, must obtain a certificate of appealability to appeal, the undersigned notes that Rule 11(a) of the Rules Governing § 2254

Cases provides for the following procedure: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases in the United States District Courts, R. 11(a). Accordingly, if there is an objection to this recommendation by Powell, he may bring his argument(s) to the attention of the District Judge in the objections permitted to this report and recommendation. See Brightwell v. Patterson, Case No. 1:11-00165-WS-C, ECF No. 14 (S.D. Ala. Oct. 11, 2011) (Eleventh Circuit order denying petitioner's motions for a certificate of appealability and to appeal *in forma pauperis* in a case in which this Court set out the foregoing procedure); see also Castrejon v. United States, 2011 U.S. Dist. LEXIS 83779, at *75, 2011 WL 3241817, at *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), report and recommendation adopted, 2011 U.S. Dist. LEXIS 84194, 2011 WL 3241580 (S.D. Ala. July 29, 2011); Griffin v. DeRosa, 2010 U.S. Dist. LEXIS 106920, at *12, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), report and recommendation adopted sub nom. Griffin v. Butterworth, 2010 U.S. Dist. LEXIS 106921, 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## V. CONCLUSION

For the reasons set forth above, the undersigned recommends that Petitioner Powell's § 2241 habeas petition (Doc. 1) and this action be **DISMISSED without prejudice**. The undersigned further submits that Petitioner Powell is not entitled to a certificate of appealability and should not be permitted to appeal *in forma pauperis*.

The Clerk is **DIRECTED** to serve copies of Petitioner Powell's habeas petition (Doc. 1) and this report and recommendation on: (1) Major Stephen Arthur, Baldwin County Sheriff's Corrections Center, 200 Hand Avenue, Bay Minette, Alabama 36507; (2) Sheriff Anthony Lowery, Baldwin County Sheriff's Office, 320 N. Hoyle Avenue, Bay Minette, Alabama 36507; and (3) the Attorney General of the State of Alabama.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **14th** day of **October, 2026**.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**